Lisa **KRAMSKY**, Plaintiff,

v.

**MARK L. NICHTER, P.C.,** Defendant.

**No. 00 CIV. 0790(CM).**

United States District Court,
S.D. New York.

Oct. 11, 2001.

---

DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT SUA SPONTE FOR DEFENDANT

MCMAHON, District Judge.

Plaintiff Lisa Kramsky brings this complaint against defendant Mark L. Nichter for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* as a result of an alleged failure to provide a proper "validation notice" in his attempt to collect an unpaid debt. Plaintiff moves for summary judgment.

Nichter, a collection attorney, sent plaintiff a letter dated January 17, 2001, in an attempt to collect a debt of $101.70 on behalf of his creditor client, Mt. Sinai Clinical Labs. The letter stated:

> This office has been engaged to proceed against you because of your failure to make payment on the above past due debt. If we do not receive payment we may recommend legal proceedings against you without further notice.

> We caution you that we will not permit this debt to be ignored.

> It would definitely be in your best interest to satisfy in full your outstanding balance, make your check payable to the above creditor and send it to us. An envelope is enclosed for your remittance.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, our office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect this debt by a debt collector and any information obtained will be used for that purpose.

(Compl. at Ex. A.) The entire letter was printed in the same type face. No portion of the message was highlighted.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-movant. *See Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505. In making its determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *See id.* at 255, 106 S.Ct. 2505. To defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When opposing a motion for summary judgment, it is not sufficient for the non-moving party to present evidence that is conclusory or speculative, with no basis in fact. *See Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

■ When one party makes a motion for summary judgment, the Court may search the record and may grant summary judgment to any party. *See Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Here, the facts are undisputed and a pure issue of law is presented. Therefore, this case is ripe for summary judgment in someone's favor. I conclude that the right someone is defendant, not plaintiff.

The FDCPA states that, when a debt collector solicits payment, it must provide the consumer with a detailed validation notice. 15 U.S.C. § 1692g(a). The section provides, in relevant part:

[W]ithin five (5) days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receiving their notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debtor, the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

It is undisputed that the last paragraph of this letter contains a validation notice. The sole issue is whether it was overshadowed or contradicted by other language in the letter. Plaintiff claims that the validation notice was overshadowed by the fact that plaintiff was told that a collection

law firm "has been engaged to proceed against you because of your failure to make payment"; that defendant "will not permit this debt to be ignored"; and that "It would definitely be in your best interest to satisfy in full your outstanding balance." (Compl. at Ex. A)

■ The general purpose of the FDCPA is to protect consumers from the harassing and unscrupulous practices of certain debt collectors, including the use of deceptive or misleading representations in an effort to collect a debt. *See Russell v. Equifax*, 74 F.3d 30, 33 (2d Cir.1996). In an effort to further protect the consumer, Congress promulgated as part of the Act a "validation notice" requirement, which obligates third party collectors to "give the consumer the information necessary to challenge the debt allegedly owed before making payment to the independent collection agency." *Id.* at 32–33.

■ To effectuate Congress's intent to protect consumers from abusive, manipulative, or confusing debt collection practices, the Second Circuit examines FDCPA claims under the objective "least sophisticated consumer" standard. *See Savino v. Computer Credit, Inc.,* 164 F.3d 81 (2d Cir.1998); *Russell,* 74 F.3d at 30. The Second Circuit has held that a notice violates Section 1692g when it "contains language that overshadows or contradicts other language informing a consumer of her rights," and would make the least sophisticated consumer uncertain as to those rights. *Russell,* 74 F.3d at 34. It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer; Congress intended that such notice be clearly conveyed. *Id.* at 36.

In *Russell,* a debt collection agency sent a consumer a letter on February 26, 1992 stating "IF YOU DO NOT DISPUTE THIS CLAIM (SEE REVERSE SIDE) AND WISH TO PAY IT WITHIN THE NEXT 10 DAYS WE WILL NOT POST THIS COLLECTION TO YOUR FILE." *Id.* at 32. The back side of the letter contained a validation notice as required by 1692g(a). *See id.* Defendant sent a second letter on March 17, 1992, which said: "FURTHER DELAY ON YOUR PART COULD BE COSTLY. AT THIS POINT ONLY YOUR ACTION WILL DETERMINE FUTURE HANDLING. WE URGE YOUR COOPERATION FOR YOUR OWN SAKE. PAYMENT IN FULL WITHIN 5 DAYS IS NOW DEMANDED. WHAT WILL YOUR ANSWER BE?" Plaintiff sued under FDCPA claiming that the notices contained contradictory language that violated Section 1692g.

The district court granted summary judgment for the defendant collection agency, concluding that the language of the notices did not rise to the level of being a "threatening contradiction" and did not overshadow the validation notice displayed on the reverse side of the initial February notice. *See id.* at 34. The Second Circuit reversed, holding that the district court erred in requiring the consumer to prove the existence of a threatening contradiction, and that the letter did not convey the validation information "effectively." *Id.* at 35. It found the statement to be contradictory, explaining that if the consumer believed the message printed on the back of the first notice, she would understand that she had 30 days to decide whether to contest the claim. *Id.* at 34. But if she believed the front of that notice, she would fear that unless she decided to dispute the claim *and* pay it within ten days, the debt would be posted to her credit file. *Id.* The Second Circuit found for the plaintiff, noting that the FDCPA was designed "to protect consumers from precisely this sort of contradictory message." *Id.*

Two years later, the Second Circuit considered this issue again. In *Savino*, 164 F.3d at 84, a debt collector mailed the consumer an initial debt collection notice stating that the consumer must make "immediate payment" or provide "a valid reason" for the failure to do so. 164 F.3d at 84. Below the body of the letter, the consumer was further advised, "PLEASE SEE IMPORTANT NOTICE ON BACK," which referred to the validation notice printed on the back of the letter. *Id.* The district court granted the consumer's motion for summary judgment on the ground that the demand for immediate payment contradicted the validation notice on the opposite side, and the Second Circuit affirmed, relying on *Russell. See id.* at 85. Noting that "the request for immediate payment did not, standing alone, violate the FDCPA," the Court held that the violation occurred when the debt collector decided "to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt." *Id.* at 85–86. The Court explained that the debt collector "could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice." *Id.* at 86.

Plaintiff relies entirely on *Kramsky v. The Revenue Maximization Group, Inc.,* (E.D.N.Y.2001), Index No. 00–CV–2936 (unpublished decision). In that case, plaintiff Diane Kramsky received a letter from defendant RMG, informing her that RMG had been hired by Beth Israel to collect payment on her debt of $173.08 for medical treatment. It proceeded to state that "[t]he amount is now seriously in arrears. By not addressing this matter, you will cause the collection process to continue. Please avoid this by making payment. Please send full payment." *Id.* at 2. While the statutory validation language was high-

lighted at the bottom of the same page, the court granted summary judgment for the plaintiff, stating: "Although the letter does not clarify what constitutes continuation of the collection process or what ramifications stem from such a process, the least sophisticated consumer can be left with only one impression—that the cessation of this ominous 'collection process' will occur only if full payment is made." *Id.* at 5.

█ Unlike the cases cited above, the cessation of the "collection process" here was not conditioned on the full payment of the debt, *see Kramsky*, 00–CIV–2936 at 5, and there was no demand for immediate payment that contradicted the validation notice. *Savino*, 164 F.3d at 84. The letter that Nichter sent to plaintiff contained the required validation notice, and it was not overshadowed by the other language in the notice.

The validation notice was printed directly beneath the request for payment in full, in the same font size, and on the same page. *Cf. Sokolski*, 53 F.Supp.2d at 311 (noting that the validation notice was at the bottom of the page, in single spaced, significantly smaller typeface); *Unger v. Nat'l Revenue Group Ltd.,* No. Civ. A. 99–3087, 2000 WL 1897346, *3 (holding that the validation notice was overshadowed by language that "payment in full is due now" that was in larger print). The contested statement also did not indicate an urgent, restrictive time limit within which plaintiff must make payment. *Cf. Russell*, 74 F.3d at 32. It even used the permissive language of "we may recommend legal proceedings against you" rather than issuing a direct demand or a threat. *Cf. Kramsky*, 00–CIV–2936 at 5 (holding that the language "by not addressing this matter, you will cause the collection process to continue" implied that undesirable consequences would follow if she failed to pay in full); *Sokolski*, 53 F.Supp.2d at 311 (hold-

ing that notice requesting that the consumer "pay the amount at once" to avoid damaging his credit record and to protect that record "by paying now" contradicted the validation notice in violation of the FDCPA).

The FDCPA does not prohibit debt collectors from encouraging consumers to pay their debts. It was created to protect consumers from harassing and unscrupulous practices of debt collectors, including misleading representations. *See Russell,* 74 F.3d at 33. The validation notice in this case was clearly placed, and fairly and properly expressed plaintiff's rights in language and form that even the least sophisticated consumer would understand. If this letter were deemed to violate the FDCPA, no debt collector could ever demand payment of a lawful debt in a collection letter, or advise the debtor that legal action might ensue if the debt is not repaid. This Court cannot and will not read the FDCPA to require so absurd a result.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is denied. Because there is no disputed issue of material fact, and judgment in defendant's favor is warranted as a matter of law, I grant summary judgment for defendant *sua sponte.* The clerk is directed to close the case.

This constitutes the decision and order of the Court.