RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0091p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMANDA KISTNER,

　　　　　　　　　*Plaintiff-Appellant,*

　　　*v.*

　　　　　　　　　　　No. 07-3134

THE LAW OFFICES OF MICHAEL P. MARGELEFSKY,
LLC and MICHAEL P. MARGELEFSKY,

　　　　　　　　　*Defendants-Appellees.*

>

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 05-07238—Jack Zouhary, District Judge.

Argued: January 31, 2008

Decided and Filed: February 26, 2008

Before: MERRITT, GILMAN, and COOK, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Stephen R. Felson, Cincinnati, Ohio, for Appellant. David P. Strup, COOPER &
WALINSKI, Toledo, Ohio, for Appellees. **ON BRIEF:** Stephen R. Felson, Cincinnati, Ohio,
Edward A. Icove, ICOVE LEGAL GROUP, Cleveland, Ohio, Steven C. Shane, Bellevue, Kentucky,
for Appellant. David P. Strup, Brandi L. Doniere, COOPER & WALINSKI, Toledo, Ohio, for
Appellees.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. In January of 2005, Amanda Kistner received a
collection letter from The Law Offices of Michael P. Margelefsky, LLC related to her Cincinnati
Bell account. The letter, printed on The Law Offices of Michael P. Margelefsky letterhead, contains
a block signature declaring that the letter was sent by an "Account Representative." Kistner
subsequently filed the present lawsuit as a putative class action against The Law Offices of Michael
P. Margelefsky (the Law Offices) and Michael Margelefsky individually, alleging numerous
violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Ohio
Consumer Sales Practices Act (OCSPA), Ohio Rev. Code Ann. § 1345.01.

The district court granted summary judgment both to the Law Offices and to Margelefsky
after concluding that the collection letter did not make any misrepresentations and was not

1

deceptive. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion. Specifically, we conclude that Margelefsky can be held individually liable as a "debt collector" under the FDCPA and that a genuine issue of material fact exists as to whether the collection letter was deceptive.

## I. BACKGROUND

### A. Factual background

Margelefsky individually is the sole member of the Law Offices. Under that name, Margelefsky operates both a law practice and a debt collection agency. These two businesses maintain separate addresses, telephone numbers, and bank accounts, even though they are physically adjacent to each other.

The form collection letter that Kistner received was initially drafted by Margelefsky. According to Margelefsky, the letter contains all of the language and notices required by the FDCPA. Thousands of these form letters were mailed by the Law Offices during the two-week period in which Kistner received her letter.

Printed on letterhead for the "*Law offices of* **Michael P. Margelefsky, LLC**," the letter contains the address and telephone number for the debt collection agency that operates under that name. (Formatting in original.) In its entirety, the text of the letter reads as follows:

> This letter is to advise you that your account has been referred to this office.
>
> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The letter does not contain an individual's signature, but contains the following signature block:

> ACCOUNT REPRESENTATIVE
> The law offices of
> MICHAEL P. MARGELEFSKY, LLC

(Formatting in original.) Finally, attached at the bottom of the letter is a remittance form that instructs the debtor to make a check or money order payable to "**MICHAEL P. MARGELEFSKY**," and to mail the payment to "THE LAW OFFICES OF MICHAEL P. MARGELEFSKY, LLC." (Formatting in original.)

Margelefsky acknowledged that he did not review the specific letter that was sent to Kistner before it was mailed. In fact, Margelefsky testified in his deposition that the letter was not even reviewed by an "Account Representative" before it was mailed.

## B.        Procedural background

Kistner filed her complaint in June of 2005. In September of 2005, she filed an amended complaint, alleging that Margelefsky violated six provisions of the FDCPA. Following discovery, both sides moved for summary judgment. The district court granted the joint motion of the Law Offices and Margelefsky and denied Kistner's. This timely appeal followed, with the only issues being Margelefsky's individual liability and Kistner's allegation that the collection letter was deceptive under 15 U.S.C. § 1692e(3).

## II.  ANALYSIS

## A.        Standard of review

We review de novo a district court's grant of summary judgment. *Int'l Union v. Cummins*, 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986).

## B.        Margelefsky's individual liability

We will first address Margelefsky's argument that he should not be held individually liable because either (1) he did not have any involvement with the collection notice that was sent to Kistner, or (2) he is not individually liable for the actions of his law firm, which is established as a limited liability company (LLC). Margelefsky argues that, notwithstanding any liability that his debt-collection business might face, he is entitled to be dismissed from the case as an individually named defendant.

The question of whether an individual member of an LLC that is engaged in debt collection may be held liable under the FDCPA without piercing the corporate veil is an issue of first impression in this circuit. Liability under the FDCPA attaches only to a "debt collector," a term defined by the Act as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Ohio law precludes personal liability for members of an LLC on the basis of the LLC's liability. Ohio Rev. Code Ann. § 1705.48.

Margelefsky cites only one case in support of his argument that his lack of involvement with the specific notice at issue precludes his individual liability under the FDCPA. In that case, *United States v. ACB Sales & Service, Inc.*, 590 F. Supp 561 (D. Ariz. 1984), the district court concluded that the director of a corporate entity "may be held liable only for [FDCPA] violations in which he materially participates." *Id.* at 575. In more recent years, however, the law surrounding this issue has been developed more fully and a split of authority has emerged.

On one side of the split, the Seventh Circuit and a few district courts have ruled that a shareholder, officer, or employee of a corporate debt collector may not be held personally liable without meeting the requirements necessary to pierce the corporate veil. The leading case for this proposition is *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000), where the Seventh Circuit concluded that "[t]he Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil." *Id.* at 1019. Later, in *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000), the Seventh Circuit clarified that "under our holding in *White v. Goodman*, the extent of control exercised by an officer or shareholder is irrelevant to determining his liability under the FDCPA." *Id.* at 1059. According to the court in *Pettit*, officers and shareholders "do not become 'debt collectors' simply by working for or owning stock in debt collection companies." *Id.* The Seventh Circuit explained that "the FDCPA has utilized the principle of vicarious liability" and, "[j]ust as in the Title VII context, the debt collection company answers for its employees' violations of the statute." *Id.*

On the other side of the split are a series of district court decisions concluding that "where a shareholder, officer, or employee of a corporation is personally involved in the debt collection at issue, he may be held personally liable as a debt collector without piercing the corporate veil." *Brumbelow v. Law Offices of Bennett and Deloney, P.C.*, 372 F. Supp. 2d 615, 618 (D. Utah 2005). For example, the Eastern District of California has concluded that

> [b]y being directly involved in the day-to-day operation of Lundgren & Associates, including training and managing employees, and reviewing or supervising the review of all accounts, Lundgren was both directly and indirectly involved in Lundgren & Associates' collection of debts. Given the plain language of the FDCPA, defendant Lundgren is a debt collector within the meaning of the FDCPA and can be held liable for any acts in which he directly or indirectly attempted to collect debts in violation of the FDCPA.

*Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal. 1995) (referring to 15 U.S.C. § 1692a(6)). In another case, the Eastern District of New York found personal liability in part because "each employee is himself a 'debt collector' within the statutory definition, namely each is a 'person' in a business, 'the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect . . . debts owed or due . . . another.'" *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994) (quoting 15 U.S.C. § 1692a(6)).

The district court in Arizona, subsequent to the *ACB Sales & Service, Inc.* case from that district relied on by Margelefsky, has held that personal liability may be found where individual corporate officers "materially participated in the activities of [a debt collection agency] alleged to be collection activities." *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 862 (D. Ariz. 1999). In other words, contrary to Margelefsky's argument that he cannot be personally liable because he did not participate in sending the specific letter to Kistner, he may be personally liable on the basis of his participation in the debt collection activities of the LLC more generally.

Most similar to the instant action is the case of *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320 (D. Utah 1997), in which the district court premised a finding of personal liability on the part of the sole member of a law firm LLC on the grounds that

> as the firm's sole attorney, developer of the "covenant not to sue" practice, author of the generic letters utilized by the firm, and supervisor of all of the firm's collection activities, Mr. DeLoney was regularly engaged, directly and indirectly, in the collection of debts.

*Id.* at 1336-37. The court in *Ditty* concluded that the defendant satisfied the FDCPA definition of "debt collector" and could therefore be held liable without "pierc[ing] the protective veil afforded [LLCs] under Utah law." *Id.* at 1337.

In discussing the *Ditty* holding, the court in *Brumbelow* explained that "[t]here is no doubt that in a generic sense a person who authors collection letters, supervises collection activities, and is the sole attorney in a debt collection firm is a 'debt collector' as defined by the FDCPA." *Brumbelow*, 372 F. Supp. 2d at 618. The court in *Brumbelow* also articulated a compelling argument against the Seventh Circuit's conclusion that the FDCPA employs the same vicarious-liability principles found in Title VII:

> Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act both forbid discrimination by "an employer," "employment agency," or "labor organization." The Tenth Circuit has squarely held that "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." In other words, where the employer under Title VII is a corporation, it is the corporate entity which is liable for reinstatement, or backpay, or any other relief awarded, and not the individual decision-maker who actually engaged in the discriminatory conduct. By contrast, the FDCPA does not limit liability to business entities or employers. Rather, under the FDCPA, liability extends to all "debt collectors," defined as " any person . . . in any business the principal purpose of which is the collection of any debts . . . ." The point of this is simply that it is much easier to read the language of Title VII and conclude that it is based upon the respondeat superior liability of the employer, especially given the remedies available under Title VII, than it is to conclude the same thing with the FDCPA.

372 F. Supp. 2d at 621-22 (citations omitted).

We find the analysis in *Brumbelow* persuasive. Accordingly, we adopt that analysis and hold that subjecting the sole member of an LLC to individual liability for violations of the FDCPA will require proof that the individual is a "debt collector," but does not require piercing of the corporate veil.

In the instant action, Margelefsky's alleged liability is not premised solely on the fact that he works for, and is the sole member of, the Law Offices. Rather, Margelefsky, like the defendants in *Ditty*, was "regularly engaged, directly and indirectly, in the collection of debts." *See Ditty*, 973 F. Supp. at 1337. Margelefsky admitted in his deposition that he drafted the form letter that was sent to Kistner, is one of only two attorneys at the law firm, is the only member of the LLC, and is the one who negotiates terms with the mailing service provider used in the debt-collection practice. He also states in his brief that he is involved in the debt collection practice "to oversee compliance with applicable collection laws and when the intervention by a lawyer becomes necessary." And while Margelefsky's signature does not appear on the collection notice that was sent to Kistner, the remittance voucher directed Kistner to make her check or money order payable to Margelefsky individually.

The district court did not analyze Margelefsky's status as a "debt collector," but the facts relating to his involvement in the debt-collection business are undisputed—originating in Margelefsky's own deposition testimony. Accordingly, because the determination of whether Margelefsky is a "debt collector" under the statutory definition is reduced to a pure question of law, it is unnecessary to remand the issue to the district court. *See United Food & Commercial Workers Union, Local 1099 v. SW Ohio Reg'l Transit Auth.*, 163 F.3d 341, 361 n.9 (6th Cir. 1998) ("Although we will generally decline to consider in the first instance issues not considered by the

district court, we will make an exception 'where . . . the issue presents only a question of law.'" (quoting *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 255 (6th Cir. 1994))).  Based on the foregoing, we conclude that Margelefsky is a "debt collector" as a matter of law and thus subject to individual liability.  *See Ditty*, 973 F. Supp. at 1336-37.

## C.        The LLC's collection letter

This court has not previously had occasion to decide an "attorney letterhead" case under the FDCPA.  Debt collectors are prohibited by the FDCPA from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Specifically at issue in this appeal is 15 U.S.C. § 1692e(3), which prohibits debt collectors from creating "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."  The statute imposes strict liability for violations.  15 U.S.C. § 1692k(a).  An exception to strict liability exists only where a debt collector commits a violation resulting from a "bona fide error."  15 U.S.C. § 1692k(c).

This court has previously adopted the "least-sophisticated-consumer" test for determining whether a debt collector's practice is deceptive.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998) (analyzing an alleged violation of 15 U.S.C. § 1692e(10) under the least-sophisticated-consumer test).  The least-sophisticated-consumer test is objective and is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."  *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).  "[A]lthough this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  *Id.* at 509-10 (citations and internal quotation marks omitted).

Margelefsky contends that he personally had no involvement in sending the letter to Kistner.  But Kistner asserts that six aspects of the letter objectively signal to the least sophisticated consumer that the letter is from an attorney, despite Margelefsky's lack of personal involvement with it: (1) the letterhead reads "*Law offices of* **Michael P. Margelefsky, LLC**," (2) the letter informs the consumer that the account "has been referred to this office," (3) the letter includes a detachable payment voucher with instructions to "MAKE CHECK OR MONEY ORDER PAYABLE TO **MICHAEL P. MARGELEFSKY**," (4) the payment voucher is to be returned to "THE LAW OFFICES OF MICHAEL P. MARGELEFSKY, LLC," (5) there is no disclaimer of attorney involvement in the letter, and (6) the signature block states "ACCOUNT REPRESENTATIVE, the law offices of MICHAEL P. MARGELEFSKY, LLC."

In granting summary judgment to Margelefsky on Kistner's § 1692e(3) claim, the district court relied exclusively on the case of *Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F. Supp. 2d 251 (E.D.N.Y. 2002).  The form collection notice in *Rumpler* was on the company letterhead of Phillips & Cohen Associates (P & C) and bore a signature line reading "Adam S. Cohen, Esq., Executive Vice President."  *Id.* at 253.  Utilizing the least-sophisticated-consumer test, the court concluded that such a consumer "could not reasonably interpret the Letter as having been issued by an attorney" because "the Letter in this case is on P & C's letterhead, which nowhere states either 'Attorney at Law' or 'General Counsel,' or gives any other indication that it came from an attorney or a law firm."  *Id.* at 257.  Rather, "[t]he Letter simply recites the name of a debt collection business."  *Id.*

Rumpler argued, however, that the inclusion of "Esq." after Cohen's name indicated that the letter had been sent by an attorney.  *Id.*  The district court rejected Rumpler's argument because "any effect in the reader's mind caused by including 'Esq.' after Cohen's name is blunted by the inclusion of the phrase 'Executive Vice President' immediately below."  *Id.*  In the present case, the district

court likewise concluded that "any effect in the reader's mind caused by the letterhead 'Law Offices of Michael P. Margelefsky, LLC,' or any of the other arguments put forth by Plaintiff, is similarly 'blunted' by the specific language used in the notice and the fact that it was signed 'ACCOUNT REPRESENTATIVE.'"

We respectfully disagree. Contrary to the statement by the district court that the letter in *Rumpler* "was on law firm letterhead," the *Rumpler* court explicitly said that the letter was "on P & C's letterhead, *which nowhere states either 'Attorney at Law' or 'General Counsel,' or gives any other indication that it came from an attorney or a law firm*." 219 F. Supp. 2d at 257 (emphasis added). In other words, the least sophisticated consumer looking at the letterhead in *Rumpler* would see no indication that the letter had been sent from a law firm. The letter from the LLC, in contrast, gives repeated indications that it came from a law firm. Specifically, the words "law offices" appear in the letterhead, the signature block, and on the remittance voucher.

The purpose of the *Rumpler* court's discussion of the letterhead was to distinguish the case from *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). In *Clomon*, the attorney in question sent a series of letters to Clomon on a letterhead that said "P.D. Jackson, G.C., Attorney-at-Law, Offices of General Counsel." The letters were also signed, albeit with a "mechanically reproduced facsimile of the signature," by "P.D. Jackson, Attorney at Law, General Counsel, NCB Collection Services." Jackson was employed part-time as the general counsel for NCB Collection Services, and he was, in fact, a licensed attorney.

The *Clomon* court found that, on the basis of Jackson's letterhead and signature, the letters would give the least sophisticated consumer "the impression that the letters were communications from an attorney." *Id.* at 1320. In concluding that summary judgment was properly granted to the plaintiff, the court explained that this impression was false and misleading because the fact that "Jackson played virtually no day-to-day role in the debt collection process supports the conclusion that the collection letters were not 'from' Jackson in any meaningful sense of that word." *Id.* Jackson in fact admitted that

> [he] did not review each debtor's file; he did not determine when particular letters should be sent; he did not approve the sending of particular letters based upon the recommendations of others; and he did not see particular letters before they were sent—indeed, he did not even know the identities of the persons to whom the letters were issued.

*Id.*

Margelefsky, likewise, admitted in his deposition that he did not review Kistner's file, did not determine whether particular letters should be sent, and did not know the identities of the persons to whom the letters were sent. So if the letter sent to Kistner would give the least sophisticated consumer "the impression that the letter[] [was a] communication[] from an attorney," then that impression was false. *See Clomon*, 988 F.2d at 1320.

We conclude that Margelefsky and the district court have ascribed too much significance to the inclusion in the Kistner letter of the phrase "ACCOUNT REPRESENTATIVE." Unlike the use of the title "Executive Vice President" in *Rumpler*, the inclusion of "Account Representative" does not necessarily blunt "any effect in the reader's mind caused by" the repeated references to "The Law Offices of Michael P. Margelefsky" and the payment voucher directing remittance to "Michael P. Margelefsky." *See Rumpler*, 219 F. Supp. 2d at 257. This last fact is especially troubling despite Margelefsky's attempt to explain it away in a footnote in his brief as follows:

> The notice directs Kistner to return payment to "THE LAW OFFICES OF MICHAEL P. MARGELEFSKY, LLC" on the return receipt, and shortens the debt

collection agency's name in the payment instructions and, for simplification, instructs Kistner to make checks payable to Michael P. Margelefsky.

But the argument that Margelefsky's name appears for "simplification" purposes rings hollow because it is contradicted by Margelefsky's own deposition testimony, where he states that the appearance of his name on the payment voucher is a misprint that he did not notice until the deposition.

We conclude that the impression left by the collection letter in this case falls somewhere in between the letter in *Clomon* and the letter in *Rumpler*. The LLC's letter is printed on law firm letterhead, it makes repeated reference to a law firm, and it directs remittance to an individually named lawyer. But it also explicitly states that it is from a debt collector and is "signed" by an unnamed "Account Representative." Based on these conflicting aspects of the letter, we conclude that the district court erred in granting summary judgment to Margelefsky, but we will not go to the other extreme either by granting summary judgment to Kistner. Instead, a jury should determine whether the letter is deceptive and misleading—specifically, whether the letter gives the impression that it is from an attorney even though it is not.

Further support for remanding the case for trial can be found in another approach for analyzing claims under the FDCPA. In *Clomon*, the court noted that "courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." 988 F.2d at 1319. In *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996), the collection notice presented the debtor "with two different and conflicting statements," and the court concluded that "[b]ecause the initial collection notice . . . was reasonably susceptible to an inaccurate reading, it was also deceptive within the meaning of the Act." The Third Circuit has also reversed the grant of a motion to dismiss because the plaintiff properly stated a claim for "false, deceptive, or misleading representation" under 15 U.S.C. § 1692e and because further proceedings were needed to determine if the inaccurate reading was "'reasonable' in light of the facts of this case." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006).

Margelefsky argues that because no court has applied the "more than one reasonable interpretation" standard to claimed violations of § 1692e(3), the standard is somehow inapplicable as a matter of law. But there is nothing in *Clomon* or in any of the cases that have applied the standard to suggest that it is not equally applicable to subsection three of § 1692e. In fact, § 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and lays out specific violations of the section, including subsection three, related to attorney communications.

We therefore believe that the "more than one reasonable interpretation" standard is applicable to the entirety of § 1692e as a useful tool in analyzing the "least-sophisticated-consumer" test. *See Clomon*, 988 F.2d at 1319 (discussing the "more than one reasonable interpretation" test as one of the "variety of ways" in which courts attempt to protect consumers under the least-sophisticated-consumer standard). Accordingly, the question for the jury becomes whether one can reasonably conclude that the letter sent to Kistner is susceptible to a reading by the least sophisticated consumer that it is from an attorney, even though Margelefsky has admitted that he had no direct role in sending the letter.

## D.     Kistner's OCSPA claims

The district court also granted summary judgment to Margelefsky on Kistner's OCSPA claims. Judgment on these claims was predicated on the court's conclusion that the collection letter "did not make any misrepresentations, nor was it deceptive in any way," and therefore did not violate the FDCPA. Kistner presented no independent evidence for her OCSPA claims, and the

district court therefore saw no reason not to grant summary judgment to Margelefsky on those claims. Because we have concluded that summary judgment on the FDCPA claims was improperly granted, Kistner's OCSPA claims—specifically her claim for injunctive relief under the statute—must be remanded to the district court for reconsideration.

### III.  CONCLUSION

In sum, we have determined that Margelefsky is a "debt collector" who may be held individually liable for any violations of the FDCPA. A genuine issue of material fact, however, exists as to whether one can reasonably conclude, under the "least-sophisticated-consumer" test, that the collection letter addressed to Kistner is susceptible to a belief that it is from an attorney. We therefore **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.