Jennifer SMITH, Plaintiff–Appellant,

v.

COMPUTER CREDIT, INC.,
Defendant–Appellee.

No. 97–4448.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 16, 1998.

Decided Feb. 16, 1999.

Jason D. Fregeau (briefed), Yellow Springs, Ohio, Joanne S. Faulkner (argued and briefed), New Haven, Connecticut, Richard J. Rubin (briefed), Sante Fe, New Mexico, for Plaintiff–Appellant.

Robert P. Bartlett, Jr. (briefed), David W. Reid (briefed), Coolidge, Wall, Womsley Lombard, L.P.A., Dayton, Ohio, Daniel C. Smith (argued and briefed), Canfield & Smith, Washington, D.C., for Defendant–Appellee.

Before: MARTIN, Chief Judge; KENNEDY and BATCHELDER, Circuit Judges.

## OPINION

BOYCE F. MARTIN, JR., Chief Judge.

Jennifer Smith appeals the district court's grant of Computer Credit, Inc.'s motion to dismiss. Smith argues that a letter sent by Computer Credit, a debt collection agency, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g. We conclude that Computer Credit's letter did not violate the Fair Debt Collection Practices Act because the least sophisticated consumer would not have believed that the letter threatened his statutory right to dispute the validity of his debt within thirty days.

### I.

Computer Credit, Inc., a third-party debt collector, sent three letters to Smith regarding a $1,555.49 debt she owed to Miami Valley Hospital. The first letter, dated March 8, 1996, read: "please see important notice on back." The back of the letter stated:

NOTICE. This debt will be assumed to be valid unless you dispute the validity of the debt, or any portion thereof, within thirty days after receipt of this notice. If you notify us, in writing, within this thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, as applicable, and a copy of such verification or judgment will be mailed to you. Upon written request within the thirty-day period, we will provide you with the name and address of the original creditor if different from the named creditor.

The second letter, dated March 21, said:

Fourteen days have passed since Computer Credit, Inc.'s last communication with you, and your seriously delinquent balance with Miami Valley Hospital still remains unpaid. In the absence of a valid reason for nonpayment, this debt must be paid. If we are not notified that your debt has been paid before April 4, 1996, and if this debt is not disputed, we shall advise you of our final position regarding the status of your account.

A third letter, dated April 4, informed Smith that Computer Credit would stop its attempts to collect her debt and return the account to Miami Valley Hospital.

On February 28, 1997, Smith filed a complaint in the district court against Computer Credit, alleging a violation of 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act. Smith's complaint alleged generally that "[p]ortions of Defendant's collection activities and communications" violated the Act, but failed to specify which language constituted the violation. Computer Credit filed a motion to dismiss, arguing that because Smith failed to specify the way in which Computer Credit violated the Act, she had failed to state a claim on which relief could be granted. The district court, based on the recommendation of a magistrate, examined all three of Computer Credit's letters and granted the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II.

This Court reviews a district court's decision to grant a motion to dismiss for failure to state a claim de novo. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). We construe all facts in the light most favorable to the plaintiff. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir.1990). Smith argues on appeal that Computer Credit's second letter violates the validation provision mandated by 15 U.S.C. § 1692g(a) by stating: "If we are not notified that your debt has been paid before April 4, 1996, and if this debt is not disputed, we shall advise you of

our final position regarding the status of your account."

Section 1692g(a) provides that the initial communication sent to a consumer must contain: (1) the amount of the debt, (2) the creditor's name, (3) a statement that unless the consumer disputes the validity of the debt within thirty days of receipt of the notice, the debt collector will assume the debt to be valid, (4) a statement that if the consumer does dispute the debt in writing within thirty days, the debt collector will obtain verification of the debt or a copy of the judgment, and (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from that of the current creditor. *Id.* Smith does not dispute that Computer Credit's first collection letter fulfilled all the requirements of § 1692g(a). Instead, she argues that the second letter sent by Computer Credit would lead a consumer to believe that she had only until April 4, four days before the expiration of her thirty-day validation period, to dispute the debt.

Under the Act, notice of the thirty-day validation period is necessary, but not sufficient to satisfy § 1692g(a). A debt collector must "effectively convey" the notice to the debtor. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988). This Court uses the "least sophisticated debtor" standard to determine whether a communication "effectively conveys" notice of the thirty-day validation period for purposes of § 1692g. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir.1992). The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson*, 869 F.2d at 1227. At issue for this Court is whether Computer Credit's second letter would lead the least sophisticated debtor to believe that he did not have thirty days in which to dispute the validity of the debt. If the letter reduces this time frame, it violates the Act.

The Ninth Circuit has had two occasions to consider what a debt collector must do to "effectively convey" notice of the vali-

dation period. In *Swanson*, 869 F.2d at 1226, the court found that a debt collector's communication violated § 1692g. The letter at issue stated, in large, bold-faced type: "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM. A GOOD CREDIT RATING—IS YOUR MOST VALUABLE ASSET." *Id.* at 1225. Beneath this statement, the letter contained the statutory validation notice in small, standard-face type. *See id.* Noting that the language stood "in threatening contradiction" to the debt validation notice, the court found the letter in violation of § 1692g because it was "misleading in both form and content." *Id.* at 1225–26.

The letter at issue in the present case differs from the letter in *Swanson* in two important respects. First, Consumer Credit presented both the text of the letter and the validation notice in uniform font. The first letter clearly directed Smith to refer to the back of the letter for an "important notice," which informed her of her thirty-day validation period. Second, Consumer Credit's letter did not threaten Smith's statutory validation period. The letter stated only that if Smith did not pay the debt by April 4, Computer Credit would advise her of its "final position regarding her account." The letter in *Swanson*, on the other hand, contained the implicit threat that if the consumer did not ignore his thirty-day validation period and pay his debt immediately, he would lose his good credit rating.

The present case more closely resembles *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997), where the Ninth Circuit used the *Swanson* standard to uphold the validity of a debt collector's communication. In *Terran*, a debt collection attorney sent a letter advising Terran, a debtor, that unless he made an immediate phone call to the debt collection attorney's office, the attorney "may find it necessary to recommend to [his] client that they proceed with legal action." *Id.* at 1430. The letter next informed Terran of his thirty-day validation period. *See id.* The court emphasized both that the letter was presented in ordinary, same-size font and that it did

not require immediate payment. *See id.* at 1434. The court upheld the letter because it did not "threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt." *Id.*

Similarly, Computer Credit's letter did not "threaten or encourage" the least sophisticated debtor to ignore his thirty-day validation period. The Ninth Circuit found that the letter in *Terran* did not threaten the least sophisticated consumer's right to a thirty-day validation period, although it suggested that legal action may ensue if Terran did not call the debt collection attorney's office immediately. Computer Credit's letter did not threaten the validation period by stating that Consumer Credit would advise Smith of its "final position" if she did not pay her debt by April 4. Moreover, Computer Credit's final position was simply to cease all debt collection efforts and return the account to Miami Valley Hospital.

 *Terran* stated that "[a] demand for payment within less than the thirty-day timeframe necessarily requires the debtor to forego the statutory right to challenge the debt in writing within thirty days, or suffer the consequences." *Id.* at 1434. Unless a collection agency offers a threat with which to back up its request for payment, that request does not constitute a "demand." A collection agency does not have to stop its collection efforts to comply with the Act. Instead, it must ensure that its efforts do not threaten a consumer's right to dispute the validity of his debt. Consumer Credit's letter did not state that Computer Credit would institute legal action or imply that Smith would suffer from bad credit if she did not pay her debt by April 4. The second letter referred to Smith's right to dispute the debt. In addition, Computer Credit ultimately ceased all attempts to collect Smith's debt and returned the debt to Miami Valley Hospital. Consumer Credit's letter therefore did not "threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt." *Id.* Accordingly, we hold that Computer Credit's communications "effectively conveyed" the validation notice of § 1692g and did not violate the Fair Debt Collection Practices Act.

### III.

Even the least sophisticated consumer would not have understood the language contained in Computer Credit's second letter to threaten his right to dispute the validity of his debt within thirty days. Accordingly, we hold that the district court was correct in granting Computer Credit's motion for failure to state a claim on which relief could be granted. AFFIRMED.