RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0390p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FEDERAL HOME LOAN MORTGAGE CORPORATION,
                    *Plaintiff-Appellee,*

LERNER, SAMPSON & ROTHFUSS, L.P.A.,
                    *Defendant-Appellee,*

SCOTT HARNER; CLEVELAND PROCESS SERVICE,
LLC,
                    *Defendants,*

                v.

CYNTHIA G. LAMAR,
                    *Defendant-Appellant.*

No. 06-4335

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 05-01455—Donald C. Nugent, District Judge.

Argued: July 26, 2007

Decided and Filed: September 25, 2007

Before: BATCHELDER and GRIFFIN, Circuit Judges; ACKERMAN, District Judge.[*]

---

### COUNSEL

**ARGUED:** Thomas A. Barni, DINN, HOCHMAN, POTTER & LEVY, Cleveland, Ohio, for Appellant. Rick D. DeBlasis, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellees. **ON BRIEF:** Thomas A. Barni, Renee S. Pienta, DINN, HOCHMAN, POTTER & LEVY, Cleveland, Ohio, for Appellant. Rick D. DeBlasis, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellees.

---

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

1

—————————

**OPINION**

—————————

ALICE M. BATCHELDER, Circuit Judge.  Cynthia G. Lamar appeals the district court's grant of summary judgment in favor of Lerner, Sampson, & Rothfuss, L.P.A. ("LS&R") on Lamar's claim that LS&R violated the notice provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, when LS&R included the statutorily-required notice with the summons and complaint it served Lamar.  Because LS&R effectively conveyed notice of Lamar's right to dispute the validity of her debt, we AFFIRM the district court.

**I.  BACKGROUND**

On May 17, 2005, Federal Home Loan Mortgage Corporation contacted LS&R to institute mortgage foreclosure proceedings against Lamar.  On May 23, 2005, LS&R filed a summons and complaint in foreclosure against Lamar in the Northern District of Ohio.  Pursuant to § 1692g of the FDCPA, LS&R included a notice provision located immediately below the case caption and immediately above the complaint.  Though not preceded by the caption "Notice," the notice provision was the first substantive text in the complaint.  The notice provision stated:

> The Summons attached to this Complaint advises you of certain of your rights under state law for responding to this Complaint.  Among these rights is your right to serve your Answer upon Lerner, Sampson, & Rothfuss within twenty (20) days.  If your name appears in numbered paragraph 1 below, you have additional rights under federal law to request certain information from Lerner, Sampson & Rothfuss within thirty (30) days.  These time periods run at the same time and start on the day after you receive this Complaint.

> The federal Fair Debt Collection Practices Act requires that Lerner, Sampson & Rothfuss provide you with the following information.  The amount of the debt, as of May 20, 2005, is $121,289.78.  This amount is made up of your principle balance, interest, late charges, and amounts expended by the creditor, such as for taxes and insurance.  Because many of these items vary from day to day, the amount due on the day you pay will be greater.  Hence, if you pay the amount shown above, an adjustment will be necessary after we receive your check.

> The creditor to whom the debt is owed is the plaintiff listed above.  Unless, within thirty (30) days of your receipt of this Notice, you notify Lerner, Sampson & Rothfuss that you dispute the validity of this debt or any portion of it, Lerner, Sampson & Rothfuss will assume the debt is valid.  Lerner, Sampson & Rothfuss is a debt collector.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.

> If you notify Lerner, Sampson & Rothfuss in writing within thirty (30) days of the receipt of this Notice that the debt or any portion thereof is disputed, Lerner, Sampson & Rothfuss will obtain a verification of the debt and will mail a copy of that verification to you.  If the creditor named as plaintiff above is not the original creditor, and if you make written request to Lerner, Sampson & Rothfuss within thirty (30) days from receipt of this notice, Lerner, Sampson & Rothfuss will provide you with the name and address of the original creditor.

LS&R waited three weeks for confirmation of service from Lamar.  On June 14, 2005, LS&R initiated personal service of the summons and complaint through Cleveland Process Service, LLC

and Scott Harner.[1]  The next day, June 15, Lamar received the complaint and summons via certified mail.  On June 16, a certified mail return indicating service upon Lamar was filed with the court and the court sent notice to the attorney of record at LS&R.  Despite receiving notice that Lamar had been served by certified mail, LS&R failed to inform Harner of successful service, and Harner personally served Lamar with a second, albeit identical, summons and complaint on June 23, 2005.  Lamar answered the complaint and filed a third-party complaint against LS&R alleging that LS&R violated the FDCPA and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. § 1345.01 *et seq*.  The record is silent as to whether Lamar sought to dispute the debt described in the complaint.

Both Lamar and LS&R moved for summary judgment on Lamar's FDCPA and OCSPA claims.  The district court granted summary judgment in favor of LS&R.  Lamar noticed a timely appeal.

## II.  ANALYSIS

We review *de novo* the district court's grant of summary judgment.  *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 506 (6th Cir. 2006).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "We view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (citing to *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  If, after reviewing the record as a whole, a rational fact finder could not find for the nonmoving party, summary judgement is appropriate.  *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).  The parties do not dispute the underlying facts, and present only questions of law.[2]

### A.  Fair Debt Collection Practices Act

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  "Congress designed the [FDCPA] to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"  *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (quoting S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699).

#### 1.  § 1692g – Validation Notice

Section 1692g(a) "requires debt collectors to issue a 'validation notice,' either in the initial communication with a consumer or within five days of that initial communication, that informs the consumer of certain rights including the right to make a written request for verification of the debt

---

[1]Harner and Cleveland Process Service are no longer parties to this appeal.

[2]Lamar notes that there is some conflict regarding whether the issue of effective notice and the least sophisticated consumer standard is one of fact or law, contending that the issue is one of fact, rendering summary judgment inappropriate.  We have determined that "[i]t is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor."  *Savage v. Hatcher*, 109 F. App'x 759, 762 (6th Cir. 2004); *see also Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992) (affirming district court's grant of summary judgment to debt collector where debt collector's letter "clearly satisfies 15 U.S.C. § 1692g(a)(3), even under the 'least sophisticated consumer' standard").

and to dispute the validity of the debt." *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 139 (E.D.N.Y. 2006). Section 1692g(a) provides:

> (a) Notice of debt; contents. Within five days after the initial communication[**3**] with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Congress added § 1692g "specifically to ensure that debt collectors gave consumers adequate information concerning their legal rights." *Swanson*, 869 F.2d at 1225.

It is undisputed that LS&R's FDCPA notice contains the technical information required by the statute. The issue before us is whether LS&R "effectively conveyed notice of the thirty-day validation period" to the least sophisticated consumer.[**4**] As we have previously stated, "[u]nder the

---

[**3**]Section 1692g(a)'s notice requirements apply only to an "initial communication." Before the district court, LS&R argued that a summons and complaint was not an "initial communication" under the FDCPA and, therefore, § 1692g(a) was inapplicable. At the time Lamar brought suit against LS&R, a circuit split existed concerning whether a summons and complaint constituted an "initial communication." *Compare Goldman v. Cohen*, 445 F.3d 152 (2d Cir. 2006) (summons and complaint is an "initial communication") *and Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004) (en banc) (same) *with Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) ("[I]t seems far more consistent with the purpose of the [FDCPA] that the term 'communication' as used does not include a 'legal action or pleading.'"). Moreover, our court had not yet spoken on the issue. The district court, therefore, assumed without deciding, that LS&R's summons and complaint was an "initial communication" under the FDCPA and triggered § 1692g(a)'s notice requirements.

Since the district court rendered its decision, Congress has amended § 1692g to provide that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d). Given the state of the law at the time Lamar initiated suit against LS&R and the subsequent amendment by Congress, the district court did not err in its assumption. We likewise assume that a summons and complaint was an "initial communication" at the time Lamar brought suit.

[**4**]Lamar attempts to dispose of this case on the grounds of collateral estoppel, contending that the district court erred by finding that the doctrine did not apply. She argues that the same issue of effective notice in LS&R's summons and complaint was fully and fairly litigated in *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 2005 U.S. Dist. LEXIS 11127 (S.D. Ohio June 9, 2005), where LS&R included the FDCPA notice in the summons and complaint and conceded that the notice was ineffective. *Kafele*, 2005 U.S. Dist. LEXIS 11127, at *7, 9-10.

[FDCPA], notice of the thirty-day validation period is necessary, but not sufficient to satisfy § 1692g(a)." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999). Instead, "[a] debt collector must 'effectively convey' the notice to the debtor." *Id.*

In order to determine whether notice was "effectively conveyed," "[t]his Court uses the 'least sophisticated debtor [or consumer]' standard." *Id*; *see also Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Computer Credit,* 167 F.3d at 1054 (internal punctuation and citation omitted). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136) (4th Cir. 1996)). Moreover, this standard "assumes that a Validation Notice is read in its entirety, carefully and with some elementary level of understanding." *Martinez v. Law Offices of David J. Stern, P.A. (In re Martinez)*, 266 B.R. 523, 532 (Bankr. S.D. Fla. 2001).

The critical question is whether Lamar has been led to believe "that [she] did not have thirty days in which to dispute the validity of the debt." *Computer Credit*, 167 F.3d at 1054; *see also DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) ("The critical question is therefore whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message." (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). "If the [communication] reduces this time frame, it violates the [FDCPA]." *Computer Credit*, 167 F.3d at 1054.

### a. Reconciling Language

Lamar argues primarily that LS&R violated § 1692g when it incorporated the FDCPA notice into the complaint without providing reconciling language explaining the conflicting time periods between the consumer's deadline to file an answer to the complaint and the consumer's deadline to request validation of the debt. She asserts that "LS&R's FDCPA notice gives the least sophisticated consumer the false impression that she has thirty days before she is required to take action in the lawsuit." Lamar contends that we should *require* debt collectors to provide language explaining the difference between the two time periods. Lamar directs us to the Second and Seventh Circuits, which have drafted templates containing reconciling language, i.e.,

> This advice pertains to your dealings with me as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must answer the complaint. The summons is a command from the court, not from me, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this letter also does not affect my relations with the court. As a lawyer, I may file papers in the suit according to the court's rules and the judge's instructions.

---

"The doctrine of collateral estoppel operates when three requirements are met: (1) the issue in the current action and the prior action are identical; (2) the issue was actually litigated; and (3) the issue was necessary and essential to the judgment on the merits." *United States v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001). Because the notice in our case is different in content, form and placement from the *Kafele* notice, the notice issue litigated in *Kafele* is not identical to the notice issue here. Therefore, the doctrine of collateral estoppel does not apply.

*Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 919-20 (7th Cir. 2004) (en banc) *superseded on other grounds by* 15 U.S.C. § 1692g(d); *Goldman v. Cohen*, 445 F.3d 152, 157 (2d Cir. 2006) (same); *see also Bartlett v. Heibl*, 128 F.3d 497, 501-02 (7th Cir. 1997) (similar language). This language is merely a suggestion. Those courts were not faced with determining whether the debt collector's notice, included with the summons and complaint, effectively conveyed to the consumer notice of the thirty-day validation period.

To require debt collectors to include such language goes beyond the plain language of the statute and favors the consumer at the debt collector's expense. The FDCPA is not one-sided;

> Without doubt, the broadly sweeping regulations of the statute protect consumers from abusive debt collection practices. If, however, the enacted purpose of the statute is equally "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. 1692(e), and the courts are to give life to the admonition . . . that the standards are intended to protect collectors against "bizarre or idiosyncratic interpretations of collection notices," the statute must be applied with some circumspection.

*Jacobson*, 434 F. Supp. 2d at 139 (citation omitted).

We find Lamar's argument without merit. As the district court noted,

> The least sophisticated consumer, with a careful reading of the language in the Summons and Complaint, including the statutorily required notice, would understand that there were two different time periods within which she must act, and that the time periods run at the same time, from the day after the Summons and Complaint is received.

*Fed. Home Loan Mortgage Corp. v. Lamar*, 2006 U.S. Dist. LEXIS 59249, at *22 (N.D. Ohio Aug. 22, 2006). LS&R put Lamar on notice that she had twenty days to answer the complaint and thirty days to dispute the debt. Further, the notice specifically stated that the time periods began on the same day and ran simultaneously. The notice was clear in stating that the two time periods were on separate tracks, i.e., the court's requirements and federal rights under the FDCPA.

We find that the least sophisticated consumer, after carefully reading the summons, notice, and complaint in their entirety, would not be led to believe that she did not have thirty days in which to dispute the validity of the debt. LS&R was not obligated to include further reconciling language to comply with the FDCPA.

### b. Overshadowed and/or Contradicted Text

Lamar also contends that the FDCPA notice was inadequate because it was overshadowed and/or contradicted by the remaining text in the complaint. She cites as problematic the "contradiction" between the two time periods and contends that the validation notice is "overshadowed" because it is (1) in the same font and text as the complaint's text and (2) not separated from the complaint's text by a heading.

The notice "must be large enough to be easily read and sufficiently prominent to be noticed . . . . [and it] must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Swanson*, 869 F.2d at 1225 (citation omitted); *see also McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 n.5 (7th Cir. 2006) ("[A] debt collector can violate § 1692g by contradicting the required information or by 'overshadowing' it").

For the reasons stated above, we conclude that the FDCPA notice was not contradicted by the remaining text included in the summons and complaint. Likewise, we find no merit in Lamar's contention that the FDCPA notice was overshadowed. The notice was in the same font and size as the remaining document — not difficult to read or discern — and while the notice was not separated by a heading, it was the first substantive text in the complaint following the caption — not buried. As the district court held, a careful reading of the summons, notice and complaint, in their entirety, would alert the least sophisticated consumer to her right under the FDCPA to dispute the validity of her debt. *Lamar*, 2006 U.S. Dist. LEXIS 59249, at *22.

### c. LS&R Served Lamar Twice

Lamar complains that LS&R's notice was inadequate because it served the summons and complaint on two separate occasions leading to confusion as to when the thirty-day deadline began. As the district court opined, "it is reasonable to assume that the 'least sophisticated consumer,' reading and understanding the first notice sent, would find it important to respond within the time constraints arising after receipt of the documents for the first time, or at the very least, inquire as to the deadline for response." *Id.* at *22. Lamar, however, points to *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521 (E.D. Pa. 1996), where the court granted summary judgment to the consumer on multiple grounds, including the fact that the law offices sent identical notices, which arrived on different days at different locations. The *Adams* court held that "the least sophisticated [consumer] would be confused as to the boundaries of the thirty day period if he receives copies of the letter on different days, as Mr. Adams did here." *Id*. at 528. We decline to adopt the reasoning in *Adams*. Here, the district court's reasoning comports with the purpose of the FDCPA. The first service put Lamar on notice that she could contest the debt. The second service described the same property, and at the very least, put Lamar on notice that she should contact LS&R to clarify what she had received if she was confused.

### d. Errors

Lamar contends LS&R's notice was inadequate because two errors in the notice confused her: the notice contained "under *state* law" instead of "under *federal* law," and "if your name appears in numbered paragraph *1* below," instead of "in paragraph *4*." (Emphasis added.) We find this argument without merit. In reading the entirety of the document, the least sophisticated consumer would understand that she had a right to challenge the validity of the debt described in the notice and complaint, the errors notwithstanding.

### 2. § 1692e — Deceptive or Misleading Means to Collect a Debt

Lamar next argues that the district court failed to address whether LS&R violated § 1692e of the FDCPA, which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Contrary to Lamar's contention, the district court considered Lamar's claims under this provision and found them lacking. *See Lamar*, 2006 U.S. Dist. LEXIS 59249, at *27-28.

"Whether or not a [communication] is 'false, deceptive, or misleading' (in violation of § 1692e)" is an inquiry similar to "whether a [communication] is confusing in violation of § 1692g." *McMillan*, 455 F.3d at 759. Lamar essentially contends that because LS&R's FDCPA notice was contradictory and/or confusing, it was also deceptive, and therefore, violated § 1692e. *See*, *e.g.*, *Tipping-Lipshie v. Riddle*, 2000 U.S. Dist. LEXIS 2477, *10 (E.D.N.Y. Mar. 1, 2000) ("misleading validation notice violates both sections 1692g and 1692e(10)") (citation omitted).

"[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). Here, LS&R's notice cannot be reasonably read to have two or more different meanings.

"Because the notice did not violate the requirements of 15 U.S.C. § 1692g(a), it would not support a finding that [LS&R] used 'false representation or deceptive means to collect or attempt to collect any debt.' We therefore reject [Lamar's] argument that [LS&R's] notice violated section 1692e(10) of the FDCPA." *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057-58 (9th Cir. 2002) (citation omitted).

Both parties discuss at length the FDCPA's bona fide error provision, which shields a debt collector from liability for violating the FDCPA in certain instances. *See* 15 U.S.C. § 1692k(c). Because LS&R's notice did not violate the FDCPA, we do not reach the bona fide error defense.

## B.  The Ohio Consumer Sales Practices Act

Finally, Lamar argues that because LS&R violated the notice provisions of the FDCPA, LS&R likewise violated the provisions of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. § 1345.01 *et seq.* Lamar cites for this proposition *Becker v. Montgomery, Lynch*, 2003 U.S. Dist. LEXIS 24992, at *7 (N.D. Ohio Feb. 26, 2003), which states, "the purpose of both acts [the FDCPA and OCSPA] is to prohibit both unfair and deceptive acts and this court holds that any violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03."

Other than LS&R's alleged violations of the FDCPA, Lamar provides no independent grounds by which LS&R violated the OCSPA. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 403 (6th Cir. 1998) ("While it is true that the OCSPA could have been violated independently, [plaintiff] did not provide any additional evidence to sustain those claims. He simply relied on the asserted violations of the FDCPA to support his OCSPA claims. Given that the district court correctly determined that no FDCPA violation had occurred, we believe that the district court's opinion sufficiently addresses [plaintiff's] OCSPA claims."). The district court concluded that "[b]ecause there is no FDCPA violation, there is nothing to sustain [the OCSPA] claim." *Lama*r, 2006 U.S. Dist. LEXIS 59249, at *29. We agree. Accordingly, because LS&R did not violate the FDCPA, it did not violate the OCSPA.

## III.  CONCLUSION

Courts have characterized the FDCPA as a strict liability statute, meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages. *See* 15 U.S.C. § 1692k(a); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) ("[C]ourts have held that actual damages are not required for standing under the FDCPA"). As a district court in the Second Circuit recently noted "[t]he interaction of the least sophisticated consumer standard with the presumption that the FDCPA imposes strict liability has led to a proliferation of litigation." *Jacobson*, 434 F. Supp. 2d at 138. The court in *Jacobson* continued:

> Ironically, it appears that it is *often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by this statute, not the individual who has been threatened or misled.* The cottage industry that has emerged does not bring suits to remedy the "widespread and serious national problem" of abuse that the Senate observed in adopting the legislation, 1977 U.S.C.C.A.N. 1695, 1696, nor to ferret out collection abuse in the form of "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Id.* Rather, the inescapable inference is that the judicially developed standards have enabled a class of professional plaintiffs . . . .

> It is interesting to contemplate the genesis of these suits. The hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a $ 400 purchase. His debt remains unpaid and undisputed. He eventually receives a collection letter requesting payment of the debt which he rightfully owes. Mr. LSC, upon receiving a debt collection letter that contains some minute variation from the statute's requirements, immediately exclaims "This clearly runs afoul of the FDCPA!" and — rather than simply pay what he owes — repairs to his lawyer's office to vindicate a perceived "wrong." "[T]here comes a point where this Court should not be ignorant as judges of what we know as men." *Watts v. State of Ind.*, 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L. Ed. 1801 (1949).

*Id.* at 138-39 (emphasis added). We echo *Jacobson*'s sentiments and concerns. Lamar fits the description of *Jacobson*'s hypothetical consumer to a tee, and we will not "countenance lawsuits based on frivolous misinterpretations or nonsensical assertions of being led astray."[5] *Id.* at 138.

Accordingly, we **AFFIRM** the district court's grant of summary judgment.

---

[5] In fact, Lamar has not been sanctioned for her suit and appeal only because LS&R did not so request.