Eric **RICHESON**, Plaintiff,

v.

**JAVITCH, BLOCK & RATHBONE, LLP, et al., Defendants.**

**Case No. 4:08 cv 1567.**

United States District Court, N.D. Ohio, Eastern Division.

Sept. 15, 2008.

Susan M. Gray, Rocky River, OH, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

SARA LIOI, District Judge.

This matter is before the Court on a motion to dismiss filed by defendant Javitch, Block & Rathbone, LLP ("JBR") (Doc. No. 4.) Plaintiff Eric Richeson ("Richeson" or "Plaintiff") has not opposed the motion. For the reasons that follow, JBR's motion is **GRANTED**.

## I. Factual and Procedural Background

Richeson alleges that JBR made efforts to collect a debt he maintains was the product of identity theft. On information and belief, Plaintiff alleges that the account at issue was opened at a store in Youngstown, Ohio, owned and operated by defendant Select Comfort Retail Corporation ("Select Comfort").[1] According to Plaintiff, an unknown woman applied for and received an extension of credit in his name at the Select Comfort location, and used the line of credit to make retail purchases. Due to the accrual of over limit fees, late fees, and finance charges, the account balance eventually grew to more than $10,000. Richeson has maintained consistently that the debt does not belong to him.

Subsequent efforts were made to collect this debt from Richeson. Presently at issue are the collection efforts made by JBR. On July 2, 2007, JBR sent Richeson a letter (the "Validation Notice") stating as follows:

RE: File No—RCD E19686 JM8
Creditor—GE Money Bank
FKA Monogram CC Bank of Georgia
Select Comfort Retail

---

1. The docket does not reflect service upon Select Comfort.

Balance Due—$10,141,27

This law firm represents the above creditor concerning the above balance due, which was placed with use for collection and such other action as necessary to protect our client's interests.

Although we are a law firm, at this time, no attorney has evaluated your case, or made any recommendations regarding the validity of the creditor's claims, or personally reviewed the circumstances of your account. If you fail to contact this office, our client may consider additional remedies to recover the balance due.

To discuss this matter, please contact: Shannon Green at (800) 837–4601 (toll free) weekdays during business hours. Unless you, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by us. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

We as a debt collector are attempting to collect a debt and any information obtained will be used for that purpose. Our request that you contact us by telephone does not affect the requirement under federal law that to obtain verification of the debt, you are required to notify us of a dispute in writing.

Sincerely,

Javitch, Block & Rathbone LLP

(Def.'s Mot. to Dismiss, Ex. A, Doc. No. 4–3, at 3.)[2] On or about July 30, 2007, Richeson notified JBR in writing that he contested the validity of the debt, and JBR took no further action.

On June 26, 2008, Richeson filed the instant lawsuit against JBR and Select Comfort. The complaint sets forth claims against JBR for several violations of the Fair Debt Collection Practice Act ("FDCPA"). JBR responded to the complaint by filing a motion to dismiss. Richeson has not filed any opposition to the motion, and the time for doing so expired long ago.

## II. Law and Analysis

### A. Motions to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. The Court views the complaint in a light most favorable to the plaintiff, assumes that the plaintiff's factual allegations are true, and determines whether the complaint states a valid claim for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir.1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir.1996). To survive the motion, the court must determine that the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

This standard of review "requires more than the bare assertion of legal conclusions." *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58

---

**2.** Plaintiff includes only selected excerpts from the letter in the complaint. JBR supplied a complete copy of the letter in support of its motion to dismiss as an attachment to the declaration of Joel Rathbone. (Doc. No. 4–3.) Consideration of the entire letter is necessary to evaluate Plaintiff's claims, and is appropriate on a motion to dismiss because the complaint refers to and incorporates the letter. *See Wyser–Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir.2005) (citations omitted).

F.3d 1101, 1109 (6th Cir.1995)). The complaint must include direct or indirect allegations respecting all the material elements to sustain a recovery under some viable legal theory. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (citations omitted).

### B. The FDCPA

 Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). In assessing FDCPA claims, the conduct or language alleged to violate the statute is evaluated from the perspective of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006) (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992)). This objective standard focuses on whether the debt collector's actions would have mislead or deceived the least sophisticated consumer. *Smith*, 953 F.2d at 1028. It ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir.2008) (quotation marks and citations omitted). At the same time, the standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 439–39.

Section 1692g(a) "requires debt collectors to issue a 'validation notice' either in the initial communication with the consumer or within five days of that initial communication, that informs the consumer of certain rights including the right to make a written request for verification of the debt and to dispute the validity of the debt." *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir.2007) (citing *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F.Supp.2d 133, 139 (E.D.N.Y.

2006)). "Congress added § 1692g 'specifically to ensure that debt collectors gave consumers adequate information concerning their legal rights.'" *Id.* (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988)). The complaint adequately alleges that JBR was acting as a "debt collector," triggering the validation notice requirements of § 1692g. In this case, the Validation Notice was the "initial communication."

### 1. 15 U.S.C. § 1692g

 Richeson claims JBR's Validation Notice violated 15 U.S.C. § 1692g because it told Mr. Richeson that he was "required to timely notify us of a dispute in writing" despite the fact that § 1692g(3) does not mandate that such notification be made in writing. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720, 725 (N.D.Ohio 2006) (form validation notice violates FDCPA by stating that disputes must be made in writing). This claim fails, however, because it relies upon a highly selective, and ultimately unreasonable, reading of the Validation Notice.

 The "least sophisticated consumer" test applies to claims that a debt collector violated § 1692g(a). *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir.1999). To fulfill the statutory requirements, the debt collector "must effectively convey the notice to the debtor." *Id.* "The critical question is [ . . . ] whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir.2001) (citations omitted). "Generally, a validation notice will comport with section 1692g if the 'content' of the notice complies with the literal terms of the statute." *Smith v. Fin. Collection Agencies*, 770 F.Supp. 232, 235 (D.Del. 1991).

Section 1692g mandates the inclusion of a number of statements in any validation notice issued to a consumer by a debt collector. Relevant to the instant motion are three specific subsections of 1692g(a), which require that a validation notice contain:

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5).

In short, the Validation Letter contains all the statements required by the statute in a clear format that was not reasonably susceptible to an inaccurate reading by the least sophisticated consumer, and would not make the least sophisticated consumer uncertain as to her rights. Accordingly, the Validation Notice did not violate § 1692g.

In selecting only the final clause of the letter's final sentence for inclusion in the complaint and ignoring everything that came before it, Richeson contorts the meaning of the Validation Notice and misconstrues the statute. While Richeson complains that the letter improperly informed him that he was required to dispute the debt in writing, this contention is false. The letter clearly stated that "unless you, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by us." This statement, required by § 1692g(a)(3), was set forth accurately in the letter and does not say anything about a writing requirement for disputing the debt.

The letter went on to inform Richeson that "[i]f you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by us." This statement, also required by the statute pursuant to § 1692g(a)(4) and consistent with applicable law, notified Richeson that if he sought verification of the debt, he was required to notify JBR in writing. Thus, Richeson was notified (accurately) that to trigger JBR's obligation to provide him with written evidence of the debt at issue, he had to notify JBR in writing that he disputed the debt. Notably, the Validation Notice did not tell Richeson that if he disputed the debt at all, he had to do so in writing. General disputation of the debt was covered completely and accurately by the statement required by § 1692g(a)(3). Rather, the Validation Notice stated, in accordance with § 1692g(a)(4), that to force JBR to produce written verification of the debt, Richeson had to notify JBR in writing. Viewed from the perspective of the least sophisticated consumer, there was nothing untrue or misleading about this statement.

Finally, the allegedly offending provision selectively quoted by Richeson in his complaint stated: "Our request that you contact us by telephone does not affect the requirement under federal law that to obtain verification of the debt, you are required to notify us of a dispute in writing."

This statement merely explains that written notice of a dispute is what triggers the debt collector's obligation to provide written verification. In other words, it clarified the difference between subsections (a)(3) and (a)(4).[3] The statement itself, like the others in the Validation Notice, is factually true, consistent with the statute, and would not mislead even the least sophisticated consumer. Accordingly, it cannot form the basis for a claim that JBR violated § 1692g. Because the Validation Notice contained all the information required by the statute and clearly conveyed that information in a manner that would not mislead the least sophisticated consumer, Plaintiff's claim under § 1692g fails as a matter of law.

### 2. 15 U.S.C. § 1692e(10)

■ Richeson also asserts that JBR violated the FDCPA by attempting "to collect on a debt that it knew or should have know (sic) was the result of identity theft and was not a proper debt owed by Mr. Richeson [ . . . ]." (Compl. ¶ 45.) Richeson contends that JBR's conduct ran afoul of the FDCPA's prohibition on "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt [ . . . ]." 15 U.S.C. § 1692e(10).

■ "A debt collector violates § 1692e(10) when a debt collection letter is objectively false and, even if not objectively false, when the least sophisticated consumer might be mislead or deceived." *Smith v. Transworld Sys., Inc.*, No. C–3–96–166, 1997 WL 1774879, at *4 (S.D.Ohio July 31, 1997) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318–20 (2d Cir.1993)).

Examples of conduct that violate this particular provision include "impersonating a public official," "falsely representing that unpaid debts will be referred to an attorney," and "misrepresenting the amount of the debt owed." *Harvey*, 453 F.3d at 330 (citations omitted).

The Sixth Circuit has recognized that the FDCPA "does not require an independent investigation of the debt referred for collection." *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir.1992). Thus, Plaintiff's claim under § 1692e(10) cannot be sustained by the mere allegation that JBR "should have known" that the debt resulted from identity theft because JBR was not required to investigate the underlying merits of the debt before sending the Validation Notice.

Because this is a motion to dismiss, the Court must view the allegations in the light most favorable to Plaintiff. In essence, Plaintiff claims that JBR sent him the Validation Notice with knowledge that the debt was not his. But this assertion, like Plaintiff's other claim against JRB, also rests upon a highly selective and fundamentally misleading account of JBR's very limited collection activity, one that is belied by the undisputed contents of the Validation Notice.

The Validation Notice represents the only conduct by JBR alleged in the complaint. In it, JBR expressly stated that "[a]lthough we are a law firm, at this time, no attorney has evaluated your case, or made any recommendations regarding the validity of the creditor's claims, or personally reviewed the circumstances of your

---

**3.** Courts have recognized claims under § 1692g where a validation notice includes all the information required by the statute but does so in a manner that allows other statements in the notice or elsewhere to overshadow or contradict the statutorily-mandated information. *See, e.g., Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996). The complaint makes no such overshadowing allegations, and thus the Court does not understand Plaintiff to be asserting such a claim. Moreover, even if an overshadowing claim was raised, it would fail as a matter of law because the language of the Validation Notice is clear and would not make the least sophisticated consumer uncertain as to her rights.

account." So JRB was not required to, and in fact expressly informed Plaintiff that it did not, investigate the factual underpinnings of the alleged debt. Instead, as it was entitled to do, JBR relied upon the representations of its client in sending Plaintiff the Validation Notice. *See Kafele v. Javitch, Block, Eisen & Rathbone, LLP,* No. 2:03CV638, 2004 WL 5178125, at *10 (S.D.Ohio Sept. 27, 2004) (citations omitted). Against this backdrop, to withstand a motion to dismiss, Plaintiff must plead facts in support of his § 1692e(10) claim sufficient to demonstrate that the least sophisticated consumer would be mislead or deceived by the Validation Notice. The complaint does not meet this standard.

Based upon the facts set forth in the complaint, the only scenario under which Plaintiff conceivably could sustain a claim under § 1692e(10) is if JBR in fact knew that the debt at issue was the product of identity theft but sent Plaintiff the Validation Notice anyway. In this regard, the complaint alleges, rather passively, that JBR "attempted to collect on a debt that it knew or should have known was the result of identity theft and was not a proper debt owed by Mr. Richeson [. . .]." (Compl. § 45.) This allegation, however, is contradicted expressly by the Validation Notice, which clearly stated that JBR had not evaluated the debt or reviewed the circumstances of the case and thus could not have known that the debt was the result of identity theft. Plaintiff does not allege directly that this statement was factually false, but arguably does so by inference, however, in asserting that JBR knew the debt did not belong to him. While the Court must construe the complaint most favorably to the plaintiff, it need not accept unwarranted inferences which contradict documentary evidence appended to, or referenced within, the complaint. *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir.1997). The complaint is bereft of any facts that would make it reasonable to infer that

JBR had actual knowledge that the debt did not belong to Richeson. In light of the Validation Notice, which completely disclaimed any such knowledge, any allegation by Plaintiff that JBR was, in essence, lying when it stated that it had not reviewed Plaintiff's account is completely unwarranted. Because Plaintiff's § 1692e(10) claim depends entirely on such an allegation, it fails as a matter of law.

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's claims against JBR for violation of 15 U.S.C. §§ 1692g and 1692e(10) fail as a matter of law. JBR's motion to dismiss (Doc. No. 4) is **GRANTED.** JBR is dismissed as a defendant. The docket does not reflect service of process upon Select Comfort, the only remaining defendant. Plaintiff shall take immediate action to effect service upon Select Comfort within the time period prescribed by Fed.R.Civ.P. 4(m), or the Court will dismiss the case for failure to prosecute.

**IT IS SO ORDERED.**