Affirmed and Memorandum Opinion filed April 2, 2009








Affirmed and Memorandum Opinion filed April 2, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00863-CV

____________

 

JANICE M. WEISSMAN, Appellant

 

V.

 

UNIFUND CCR PARTNERS ASSIGNEE OF
DISCOVER,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 855974

 



 

M E M O R A N D U M   O P I N I O N

Appellant Janice M. Weissman appeals from the trial court=s judgment in
favor of appellee Unifund CCR Partners Assignee of Discover (AUnifund@) in a
debt-collection suit.  Weissman claims the trial court=s judgment was in
error because (1) she received no notice of a summary judgment hearing and (2)
Unifund failed to respond to her debt validation request under the Fair Debt
Collection Practices Act (AFDCPA@).  See 15
U.S.C. ' 1692g.  We
affirm.








Unifund filed suit against Weissman on January 20, 2006,
for amounts allegedly owing on an unpaid credit card account Unifund had
purchased from Discover.  Unifund=s petition
included documents showing Unifund=s demand that
Weissman pay the past due amount that Discover claimed was owed on Weissman=s account.  The
record shows, and Weissman admits, that she was served with citation and
Unifund=s petition in
March 2006.

The trial court granted summary judgment in Unifund=s favor on January
25, 2007.  Weissman subsequently filed a motion for new trial, which the trial
court granted.  Unifund filed another motion for summary judgment, followed by
an amended motion for summary judgment.  Weissman filed four separate, but
substantially identical, responses to the amended motion.  Each requested,
without argument, that the court deny Unifund=s motion in all
respects.  Among the documents attached to each response was a copy of an FDCPA
debt validation request dated April 2, 2006.  However, none of Weissman=s summary judgment
pleadings presented any argument regarding an FDCPA debt validation request or
any argument on or reference to the documents attached to each of her four
responses.

At trial, Unifund presented proof of the debt in the form
of a business records affidavit, the account agreement, a copy of the bill of
sale transferring the debt to Unifund, a copy of the note, and Discover
statements.  Weissman made no argument regarding an FDCPA debt validation
request in response.  Instead, she repeatedly claimed, despite Unifund=s proof, that
Unifund did not show proof of debt and that she had no knowledge of having made
the charges.  The trial court found there was sufficient proof of the debt and
rendered judgment for Unifund for $21,504.99 plus prejudgment interest, $4,000
in attorney=s fees, court costs, and post-judgment interest on the
entire amount.  Weissman made no argument in her post-judgment motions
regarding an FDCPA debt validation request.  She now appeals.








In her first issue, Weissman contends she was never
notified of the hearing on Unifund=s initial summary
judgment motion, which resulted in the January 25, 2007 judgment in Unifund=s favor.  However,
the trial court overturned that judgment by granting Weissman=s motion for new
trial, thereby curing any notice error.  See Moncrief v. Harvey, 805
S.W.2d 20, 24 (Tex. App.CDallas 1991, no writ) (stating that the
primary purpose of a motion for new trial is to give the trial judge an
opportunity to cure errors by granting a new trial).  We overrule Weissman=s first issue.

In her second issue, Weissman contends that the trial court=s judgment was in
error because Unifund failed to respond to her April 2, 2006 FDCPA debt
validation request.  Unifund contends that Weissman waived this complaint by
failing to present it to the trial court.  We agree.  To preserve a complaint
for appellate review, a party must make a timely request, objection, or motion
with sufficient specificity to apprise the trial court of the complaint.  See
Tex. R. App. P. 33.1; Bay
Area Healthcare Group, Ltd. v. McShane, 239 S.W.3d 231, 235 (Tex. 2007);
see also Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993) (A[a]s a rule, a
claim, including a constitutional claim, must have been asserted in the trial
court in order to be raised on appeal.@).  The only place
in the record in which Weissman=s FDCPA debt validation request appears is
as an attachment to her responses to appellant=s amended motion
for summary judgment.  However, she neither referenced that document in her
responses nor made any argument regarding a claim or defense under the FDCPA in
her pleadings, at trial, in her post-judgment motions, or otherwise. 
Therefore, Weissman failed to preserve this issue for our review.  See Tex. R. App. P. 33.1; Bay Area
Healthcare Group, Ltd., 239 S.W.3d at 235.








Moreover, even if Weissman had preserved this issue for
appeal, the record reflects that Unifund provided her with sufficient
information to satisfy an FDCPA debt validation request.  Debt validation under
the FDCPA requires Anothing more than the debt collector
confirming in writing that the amount being demanded is what the creditor is
claiming is owed.@  Chaudhry v. Gallerizzo, 174 F.3d
394, 406 (4th Cir. 1999).  Here, Weissman admits that she received Unifund=s petition, which
included documents showing Unifund=s demand that
Weissman pay the past due amount that Discover claimed was owed on Weissman=s account.  The
attachments to Unifund=s subsequent pleadings, several of which
Weissman responded to, included copies of monthly credit card statements and affidavits
that added to that documentation substantially.[1] 
Thus, even if Weissman preserved this issue for our review, the record reflects
that Unifund provided sufficient documentation to satisfy her FDCPA debt
validation request.  See id.  We overrule Weissman=s second issue.

Having overruled both of Weissman=s issues, we
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.









[1]  Although Congress amended the FDCPA to provide that
communications in the form of formal pleadings are insufficient under the FDCPA
as of October 13, 2006, that was not the state of the law at the time Unifund
initiated suit against Weissman in January 2006.  See Fed. Home Loan
Mortgage Corp. v. Lamar, 503 F.3d 504, 509 n.3 (6th Cir. 2007) (noting that
pleadings were considered sufficient communication prior to amendment).  Therefore,
we assume that the pleadings, and the documentation of appellant=s debt attached to them, were a sufficient form of
communication when Unifund brought suit.  See id. (assuming that a
summons and complaint were a sufficient communication where debt collector
brought suit and served the summons and complaint before amendment added
section 1692g(d) to the FDCPA).